FREDERICK F. SHERWOOD
ANNE E. SHERWOOD
MORRISON, SHERWOOD, WILSON & DEOLA, P.L.L.P.
401 North Last Chance Gulch
Helena, Montana 59601
(406) 442-3261 Phone
(406) 443-7294 Fax
rick@mswdlaw.com
anne@mswdlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN ISAKSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERTS MARKEL WEINBERG BUTLER HAILEY PC<br><br>　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Shawn Isakson, by and through his counsel of record, and for his Complaint states as follows:

## I.  PARTIES

1.　　Plaintiff Shawn Isakson is an individual and current resident of Flathead County, Montana. Plaintiff was formerly employed by Defendant law firm Roberts Markel Weinberg Butler Hailey PC ("RMWBH" or "the Firm").

1

2. Defendant RMWBH is a Texas for profit corporation, with its principal offices and place of business in the State of Texas.

## II. JURISDICTION

3. Subject matter jurisdiction in this Court is based on diversity of citizenship because Plaintiff is a citizen and resident of Montana, Defendant is a Texas corporation with principal offices and place of business in the State of Texas, and the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over the Defendant because it purposefully employed Isakson in the State of Montana, it paid Montana employment taxes, including unemployment, it had a Montana-based Worker's Compensation insurance policy, it occasionally conducted business in Montana, and it engaged in conduct that resulted in the accrual of a tort action in the State of Montana, thereby injecting itself in multiple ways into the affairs of the State of Montana.

5. Venue is appropriate in the Missoula Division because the Defendant employed Isakson in this division, occasionally conducted business in this division, routinely sent executive officers to this division, and wrongfully terminated Isakson in this division. 28 U.S.C. § 1391(b)(2) and Rule 1.2(c)(5) of the Rules of Procedure for the United States District Court for the District of Montana.

## III. FACTS

6.      On or around February 12, 2018, Plaintiff Shawn Isakson was hired as a Business Manager to work at the Defendant law firm of Roberts, Markel, Weinberg, Butler, Hailey, PC. Isakson holds an Engineering Degree from Montana Tech and holds an MBA from Yale University. Isakson is not an attorney. Prior to joining the Firm, Isakson had gained extensive professional experience at ExxonMobil, BP, and General Electric.

7.      At the time of his termination, Isakson was not a probationary employee.

8.      At all times relevant to this Complaint, Defendant RMWBH was owned, governed, and controlled by eleven Equity Shareholders (hereinafter referred to as "the Board").

9.      On or around November of 2019, Isakson was appointed to Chief Executive Officer of RMWBH. His position reported to the Board, and he reported directly to RMWBH Vice President, Jeff Roberts. Roberts was also the Managing Shareholder of the Firm.  At all times relevant to this Complaint, Roberts was acting in his official capacity as Managing Shareholder and RMWBH Vice President.

10. According to the Firm's bylaws and governing structure, all decisions related to Isakson's employment as CEO of the firm, including his hiring and termination, were to go through the Board for approval.

11. During his approximately four-year tenure at the Firm, Isakson consistently demonstrated dedication, professionalism, and exemplary job performance. He received promotions, increasing stature, and substantial pay increases.

12. At the time of his termination, Isakson had a base salary of $300,000 per annum, excluding benefits. He was awarded a performance bonus of $50,000 in July of 2022, approximately five months before he was terminated.

13. When Isakson was initially hired, he was a resident of Texas. On or around July 2020, Isakson and his family moved to Montana. Defendant approved of Isakson's position being remote in Montana. Several RMWBH executives worked remotely. Defendant's employees would often travel to Montana to work and recreate at Isakson's residence in Whitefish.

14. Once Isakson moved to Montana, the Firm began to pay Montana employee income taxes and took out a Montana-based worker's compensation policy. Defendant also paid into the Montana Unemployment Insurance Fund.

15. Isakson was awarded unemployment insurance benefits from the Montana Unemployment Insurance Fund after he was terminated.

16. As CEO of the Firm, Isakson's job duties included working with the Board to make business management decisions and oversight of all non-attorney employees.

17. Throughout the spring and summer of 2022, Jeff Roberts initiated a series of problematic organizational decisions, including compulsory hiring and promotions of his family members, unlawful hires, unilateral decisions on employee compensation, questionable tax practices, and withholding access to key operational data.

18. Isakson openly disagreed with Roberts' actions and as CEO refused to participate in Roberts' schemes.

19. On or around Friday, November 18, 2022, Isakson received a call from Roberts. Roberts accused Isakson of interviewing with another company in Houston, Texas. Roberts told Isakson that he was terminated for this.

20. Immediately following this call, Isakson's access to all company systems was revoked.

21. Isakson never applied for another job, engaged in discussions with another company about a job, or interviewed with any other company throughout his entire tenure at the Firm.

## COUNT I: WRONGFUL DISCHARGE
## IN VIOLATION OF MONT. CODE ANN. § 39-2-904(1)(a),
## RETALIATION FOR REFUSAL TO VIOLATE PUBLIC POLICY

22. Plaintiff Isakson re-alleges all allegations contained in the above paragraphs as if set forth herein.

23. At all times relevant while employed by Defendant, Isakson performed his job consistent with and pursuant to his experience, industry standards, job expectations, and the Firm's policies, protocols, and procedures.

24. On or about November 18, 2023, the Defendant wrongfully terminated Isakson from his employment, in violation of the Montana Wrongful Discharge from Employment Act, § 39-2-901, *et. seq.*

25. Isakson's discharge was wrongful because it was in retaliation for his refusal to violate public policy, in violation of § 39-2-904(1)(a), MCA.

26. Defendant purported reasons for Isakson's termination were false and wholly lacked any basis in fact under the circumstances.

27. Defendant acted with malice in that it had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Isakson and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Isakson or deliberately acted with indifference to the high probability of injury to Isakson.

28. As a direct, immediate, and proximate consequence of the Firm's wrongful termination of Isakson, Isakson has incurred direct and consequential damages.

29. As a direct, immediate, and proximate consequence of the Firm's wrongful termination of Isakson, Isakson has sustained the loss of valuable and extensive fringe benefits, and interest on those benefits.

30. The conduct alleged herein by the Defendant constitutes actual malice within the meaning of §§ 27-1-221 and 39-2-905(3), MCA. Isakson is entitled to punitive damages.

## COUNT II: WRONGFUL DISCHARGE
## IN VIOLATION OF MONT. CODE ANN. § 39-2-904(1)(b)
## TERMINATION WAS NOT FOR GOOD CAUSE

31. Plaintiff Isakson re-alleges all allegations contained in the above paragraphs as if set forth herein.

32. At all times relevant while employed by RMWBH, Isakson performed his job consistent with and pursuant to his experience, industry standards, job expectations, and the Firm's policies, protocols, and procedures.

33. On or about November 18, 2023, the Defendant wrongfully terminated Plaintiff from his employment, in violation of the Montana Wrongful Discharge from Employment Act, § 39-2-901, *et. seq.*

34. Isakson's discharge was wrongful because the Firm did not have good cause to terminate him, in violation of § 39-2-904(1)(b), MCA.

35. Defendant purported reasons for Isakson's termination were false and wholly lacked any basis in fact under the circumstances.

36. As a direct, immediate, and proximate consequence of the Firm's wrongful termination of Isakson, Isakson has incurred direct and consequential damages.

37. As a direct, immediate, and proximate consequence of the Firm's wrongful termination of Isakson, Isakson has sustained the loss of valuable and extensive fringe benefits, and interest on those benefits.

## COUNT III: WRONGFUL DISCHARGE
## IN VIOLATION OF MONT. CODE ANN. § 39-2-904(1)(c)
## EMPLOYER VIOLATION OF ITS OWN POLICIES

38. Plaintiff Isakson re-alleges all allegations contained in the above paragraphs as if set forth herein.

39. At all times relevant while employed by Defendant, Isakson performed his job consistent with and pursuant to his experience, industry standards, job expectations, and the Firm's policies, protocols, and procedures.

40. On or about November 18, 2023, the Defendant wrongfully terminated Isakson from his employment, in violation of the Montana Wrongful Discharge from Employment Act, § 39-2-901, *et. seq.*

41. Isakson's discharge was wrongful pursuant to § 39-2-904(1)(c) because the Firm, acting through Roberts, materially violated its own personnel policies as existed in writing, course of dealing, or other forms and was done without approval or consultation of any other member of the Board.

42. Defendant's violation of its policies deprived Isakson of a fair and reasonable opportunity to remain in his position of employment with RMWBH.

43. Defendant's purported reasons for Isakson's termination were false and wholly lacked any basis in fact under the circumstances.

44. As a direct, immediate, and proximate consequence of the Firm's wrongful termination of Isakson, Isakson has incurred direct and consequential damages.

45. As a direct, immediate, and proximate consequence of the Firm's wrongful termination of Isakson, Isakson has sustained the loss of valuable and extensive fringe benefits, and interest on those benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For consequential economic losses as described in § 39-2-905, MCA, including lost wages and the value of benefits he would have received but for the termination, including interest;

2. For punitive damages pursuant to § 39-2-905, MCA;

3. For prejudgment interest and post judgment interest in the amounts permitted by law; and

4. For costs of suit and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., the Plaintiff hereby demands a trial by jury of the issues triable by right by jury.

DATED this 16th day of November, 2023.

By: __/s/ Anne E. Sherwood_____
Anne E. Sherwood
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
*Attorneys for Plaintiff*